IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN E. HUDAK,           )
                            )
            Plaintiff,      )
                            )
                            )  Civ. No. 13-837
                            )
CAROLYN W. COLVIN,          )
*Acting Commissioner of Social Security*, )
                            )
            Defendant.      )

## OPINION

### I. Introduction

This case is before us following a final decision by the defendant, Commissioner of Social Security ("the Commissioner"), denying Stephen E. Hudak's claim for a period of disability and for disability insurance benefits under Title II of the Social Security Act. Plaintiff has styled his Complaint as a Writ of Mandamus and seeks a remand for reconsideration and a remand for a new hearing regarding reopening his denied disability application.

The Defendant has filed a motion to dismiss Plaintiff's Complaint as an untimely filed appeal of the final decision of the Commissioner. Plaintiff has filed a Response to the motion to dismiss, to which the Government has filed a Reply. For the reasons stated below, we will grant Defendant's motion and dismiss the Complaint.

### II. Procedural History

Stephen Hudak applied for a period of Disability and for Disability Insurance Benefits on December 18, 2010, alleging a disability due to chronic back pain, shoulder pain, Post Traumatic Stress Disorder, Anxiety, Depression, Bipolar Disorder, Obsessive Compulsive Disorder, sleep apnea, neck pain, cyclic vomiting, chronic nausea, weight loss, right hip pain, hearing loss, chronic insomnia, and mild COPD. Plaintiff's claim was initially denied on September 9, 2011.

A timely request for a hearing was filed by Plaintiff. A hearing was held before an Administrative Law Judge ("ALJ") on December 20, 2011, at which Plaintiff and a vocational expert testified.

The Notice of Hearing sent to Mr. Hudak included information regarding his right to representation and a list of sources of representation. Mr. Hudak was not represented by counsel when he appeared at the hearing. He was then given a written advisory explaining his right to representation and also given a list of sources of representation. Mr. Hudak acknowledged that he had received the information about his right to representation and a list of sources of representation with the Notice of Hearing. He signed a waiver of his right to representation and chose to proceed without representation.

On February 12, 2012, the ALJ issued a Decision denying Mr. Hudak's application for a period of disability and disability insurance benefits. Mr. Hudak filed a timely review of the ALJ's determination, which was denied by the Appeals Council on June 5, 2012. The denial notice was mailed to Mr. Hudak at his address and informed him of his right to commence a civil action within sixty days.

However, on June 12, 2012, the Appeal Counsel notified Mr. Hudak that it was setting aside its June 5, 2012 denial in order to consider additional evidence submitted by Mr. Hudak. In the same June 12, 2012 Notice the Appeals Council informed Mr. Hudak that upon review of the additional evidence the Appeals Council was again denying his request for review. The June 12, 2012 denial notice was mailed to Mr. Hudak at his address and again informed him of his right to commence a civil action within sixty days.

Mr. Hudak's counsel Suzanne J. Hayden signed an appointment of representation on August 10, 2012, indicating that Mr. Hudak had appointed her as his counsel. The appointment of representation form was received by the Social Security Administration on August 15, 2012. Mr. Hudak then filed this action on June 19, 2013.

Mr. Hudak also filed a second application for disability insurance benefits on August 10, 2012. The August 10, 2012 application was denied on October 2, 2012.

Counsel sent a letter dated October 2, 2012 to the Social Security Administration in which she requested a hearing and argued that the denial of Mr. Hudak's December 18, 2010 application should be reopened and a new hearing be held. By letter dated May 2, 2013 the Social Security Administration informed counsel that he saw no reason to grant the request to reopen Mr. Hudak's case. The May 2, 2013 letter noted that the Appeals Council denied Mr. Hudak's request for review on June 12, 2012.

On June 19, 2013, Mr. Hudak filed the instant Complaint. In his Complaint, he alleges three Counts. In Count One, titled "ALJ Under Heightened Duty," Mr. Hudak requests in part that the matter be remanded and reconsidered due to the failure of the ALJ to perform a heightened duty to an unrepresented claimant who has a mental disorder. In Count Two, titled "Application to Reopen Decision," he requests in part a remand for a hearing on the issue of whether his case should be reopened following the May 2, 2013 denial of the August 10, 2012 request for reopening. Finally, in Count Three, titled "Violation of Administrative Procedure Act," in which Mr. Hudak asserts that his rights to due process under the Fifth Amendment to the United States Constitution have been violated he requests that we order the Commissioner to

afford Mr. Hudak a new hearing on the reopening issue and order the Commissioner to determine if his prior application may be reopened.

## III. Discussion

The Congress of the United States provides for judicial review of the Commissioner's denial of a claimant's benefits. 42 U.S.C. § 405(g). Section 405(g) explains the time frame for filing a civil action as follows:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

In this case, the final decision was issued and mailed on June 12, 2012. Allowing five additional days for mailing, a civil action must have been filed no later than August 16, 2012. The instant action was not filed until June 19, 2013, well beyond the applicable statute of limitations. Accordingly, we will dismiss this action as untimely.

We understand that Mr. Hudak has styled his action as a Writ of Mandamus and states that he is not asking the Court to make a determination on the merits of his claim for disability benefits. In addition, we understand that Mr. Hudak also claims that he seeks a remand for a hearing on the merits of the May 2, 2013 denial of his request to reopen his case. However, it is clear that Mr. Hudak's Complaint does in fact seek review of the denial of his December 18, 2010 application for benefits. Because he failed to timely file a civil action seeking review of that denial the Complaint must be dismissed.

In addition, we agree with Defendant that there appears to be no reason to toll the statute of limitations on equitable grounds. While unrepresented Mr. Hudak was able to properly and

4

timely request review of the ALJ's February 23, 2012 denial of his application. Furthermore, he appointed his present counsel as his representative no later than August 10, 2012, six days before the last day to file a civil action or seek an extension of time to file a civil action. No such action was filed. It appears that counsel and Mr. Hudak instead chose to file a new application for benefits while simultaneously seeking to reopen the prior denial. Finally, we also agree with Defendant that we do not have jurisdiction to review the May 2, 2013 denial of Mr. Hudak's request to reopen.

## V. Conclusion

For the foregoing reasons, we will grant Defendant's motion to dismiss this action as untimely filed. An appropriate order will be entered.

Nov. 20, 2013
Date

Maurice B. Cohill, Jr.
Senior United States District Court Judge